IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

HUNTER DOUGLAS INC. and

HUNTER DOUGLAS WINDOW FASHIONS, INC., and

HUNTER DOUGLAS INDUSTRIES SWITZERLAND GmbH,

       Plaintiffs,

v.

HOMESUBLIME, LLC d/b/a BLINDSGALORE,

       Defendant.

---

## VERIFIED COMPLAINT

Plaintiffs Hunter Douglas Inc., Hunter Douglas Window Fashions, Inc. and Hunter Douglas Industries Switzerland GmbH (collectively as "Hunter Douglas"), in support of their Complaint against Defendant Homesublime, LLC, d/b/a Blindsgalore ("Blindsgalore") allege and state as follows:

### PRELIMINARY STATEMENT

This is an action for trademark infringement and unfair competition resulting from Blindsgalore's unauthorized use of the famous HUNTER DOUGLAS brand (and other brands owned by Hunter Douglas) on its website located at www.blindsgalore.com in a manner intended to likely cause consumer confusion.  Blindsgalore also uses the HUNTER DOUGLAS brand in

the metatags for its website, with the intent of capturing individuals searching for HUNTER

DOUGLAS brand products.  Further, Blindsgalore paid search companies for premium

placement so its website would be among the first listed if the HUNTER DOUGLAS brand was

used in an internet search query.  All of these actions by Blindsgalore are intended to divert

people searching for HUNTER DOUGLAS brand products to the Blindsgalore website which

sells products that compete with HUNTER DOUGLAS brand products.  Hunter Douglas's

claims arise under the Lanham Act 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a), the Colorado

Consumer Protection Act, C.R.S. § 6-1-101, et seq., and Colorado common law.  Hunter Douglas

seeks, among other relief, a preliminary and permanent injunction to prevent Blindsgalore from

continuing to use the HUNTER DOUGLAS brands and from otherwise engaging in unfair

competitive acts.

### PARTIES

1.      Plaintiff Hunter Douglas Inc. is a Delaware corporation with its principal place of

business at 2 Park Way, Upper Saddle River, New Jersey, 07458.

2.      Plaintiff Hunter Douglas Window Fashions, Inc. is a Delaware Corporation with

its principal place of business at One Duette Way, Broomfield, Colorado, 80020.  Hunter

Douglas Window Fashions, Inc. designs, manufactures, and supplies window treatments in North

America.

3.      Plaintiff Hunter Douglas Industries Switzerland GmbH is organized under the

laws of Switzerland with its principal place of business at Adligenswilerstrasse 37, Luzern

CH-6006, Switzerland.

4.      Upon information and belief, Defendant Homesublime, LLC, d/b/a Blindsgalore ("Blindsgalore") is a California limited liability corporation with its principal place of business at 6555 Nancy Ridge Drive, Suite 100, San Diego, California 92121.

5.      Blindsgalore is an online window treatment retailer.  Through the Blindsgalore Website located at www.blindsgalore.com, Blindsgalore offers for sale various window treatments made by third parties, including Bali, Graber, Comfortex, Levolor, and Kirsch, as well as Blindsgalore's own Blindsgalore Collection.

## JURISDICTION AND VENUE

6.      This action arises under §§ 1114 and 1125(a) of the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham act, 15 U.S.C. § 1051, *et seq*., the Colorado Consumer Protection Act, C.R.S. § 6-1-101, *et seq.*, and the common law of the State of Colorado.

7.      The Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.  Jurisdiction is further based upon 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy damages, exemplary damages and attorneys fees recoverable by statute is in excess of $75,000, exclusive of interest and costs.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Blindsgalore conducts business in this district, including by owning and operating an interactive website accessible in this district through which it promotes and sells its goods to consumers in this district and on which it has committed the acts of infringement and unfair competition

complained of herein.  Blindsgalore has therefore committed the acts of infringement and unfair competition complained of in this district.

## GENERAL ALLEGATIONS

### The HUNTER DOUGLAS Trademarks

9.      For decades, the HUNTER DOUGLAS trademarks have been used in connection with the design, manufacture, and sale of innovative custom window treatments in the United States and throughout the world.  Window treatments bearing the HUNTER DOUGLAS brand are sold and distributed throughout the United States, Canada, and in more than 38 countries outside of North America.

10.     The famous HUNTER DOUGLAS brand is used on a wide variety of window treatments, including sheers, shades, honeycombs, blinds, and shutters.  Additional information regarding products sold under the HUNTER DOUGLAS brand, and other famous product line brands such as DUETTE, SILHOUETTE, VIGNETTE and many others, can be found at www.hunterdouglas.com.

11.     Hunter Douglas Industries Switzerland GmbH is the owner of a number of trademark registrations granted by the United States Patent and Trademark Office ("PTO") for the HUNTER DOUGLAS mark (word only and in combination with other design elements) for use on a wide variety of window treatment products.  The table below summarizes these registrations, and true and correct copies are attached as *Exhibit A.*

| Mark | Registration No. | Goods |
|---|---|---|
| **HUNTER DOUGLAS** | 1,385,250 | (Int'l Class 20) Slatted indoor venetian blinds and indoor vertical blinds |
| **HUNTER DOUGLAS** | 1,385,263 | (Int'l Class 24) Venetian blinds of textile, vertical blinds of textile |
| **HUNTER DOUGLAS** | 1,385,249 | (Int'l Class 20) Fibers, strings and ropes for vertical blinds |
| **HUNTER DOUGLAS** | 1,384,964 | (Int'l Class: 6) Venetian blinds of metal, panels of metal, sections of metal, ceilings of metal, inside wall claddings of metal, facade claddings of metal, facades of metal, windows of metal, slats of metal, frames of metal |
| **HUNTERDOUGLAS** | 1,707,755 | (Int'l Class 6) Metal slat material in strip, coils, and rolls for use in the fabrication of blinds; metal roller shutters; door and window insect screens; metal sun louvres and canopies; metal shop fronts; metal car ports; metal building facade cladding; metal interior ceilings; metal wall claddings and tiles; metal panels and profile elements; metal window frames; metal parts and fittings and installation and suspension devices for blinds<br><br>(Int'l Class 20) Venetian blinds; vertical blinds; wooden blinds; horizontal blinds; interior roller shutters; window shades; roller shades; pleated blinds and non-metallic parts and fittings and installation and suspension devices for blinds<br><br>(Int'l Class 24) Textile fabrics for use in the manufacturing of blinds and shades |

12.     Each of the federal trademark registrations set out above are valid and subsisting and have become "incontestable" under 15 U.S.C. § 1065.

13.     Hunter Douglas Inc. and Hunter Douglas Window Fashions, Inc. are licensees and users of all of the Hunter Douglas Industries Switzerland GmbH trademarks set forth in Exhibit A.

**Blindsgalore's Use of the HUNTER DOUGLAS Trademarks**

14.     Blindsgalore owns and operates the Blindsgalore Website at www.blindsgalore.com.

15.     Effective June 1, 2010, Hunter Douglas instituted a policy whereby its products were not to be sold over the internet.

16.     As a result of this policy change, Blindsgalore discontinued selling HUNTER DOUGLAS brand products through the interactive Blindsgalore Website.

17.     Although Blindsgalore no longer sells HUNTER DOUGLAS brand products through the Blindsgalore Website, Blindsgalore continues to make prominent use of the HUNTER DOUGLAS trademarks on the Blindsgalore Website.  Blindsgalore's prominent use of the HUNTER DOUGLAS brand on the Blindsgalore Website is intended to initially capture the attention of  people searching for HUNTER DOUGLAS brand products with the intent of selling them competitive offerings available for purchase at the Blindsgalore website.

18.     Blindsgalore has also taken steps to divert consumers searching for HUNTER DOUGLAS brand products over the Internet to the Blindsgalore Website (which sells only products that compete with Hunter Douglas brand products).

19.     Blindsgalore has included the HUNTER DOUGLAS brand in the "metadata" and "metatags" of the Blindsgalore Website.  "Metadata" and "metatags" are text buried in a website's source code that are read and used by search engines to classify a website and to rank

its relevance in response to a given Internet search query.  A printout of the source code for the home page of the Blindsgalore Website as of 06/28/2010, revealing its use of the HUNTER DOUGLAS brand as keyword metatags, is attached as *Exhibit B*. (The HUNTER DOUGLAS brand is also used as keyword metadata on other pages of the Blindsgalore Website).

20.     Blindsgalore also makes excessive use of the HUNTER DOUGLAS brand on its website and imbedded into the source code which again is used by search engines to classify a website and to rank its relevance in response to a given Internet search query.  A printout of the source code for just one page of the Blindsgalore website that shows over 125 references to the HUNTER DOUGLAS brand is attached as *Exhibit C*.

21.     Blindsgalore's use of the HUNTER DOUGLAS brand on its website and in metatags and metadata is intended to divert consumers searching for HUNTER DOUGLAS brand products over the Internet to the Blindsgalore Website.

22.     Upon information and belief, Blindsgalore has paid search companies for associating the Blindsgalore Website with the HUNTER DOUGLAS trademarks so that the Blindsgalore Website is one of the first search results a customer sees when he or she is searching for HUNTER DOUGLAS brand products over the Internet.  See references to sponsored links when searching for HUNTER DOUGLAS brand products using both the Yahoo and Google search engines as set out in *Exhibit D*.

23.     On June 4, 2010, Hunter Douglas sent Blindsgalore a letter notifying them that its continued use of the HUNTER DOUGLAS trademarks was likely to mislead consumers into thinking that Hunter Douglas products are available on the Blindsgalore Website and/or that Blindsgalore has been authorized by Hunter Douglas to advertise, market, and sell Hunter

Douglas's products and asked that Blindsgalore discontinue its infringing use of the HUNTER DOUGLAS trademarks.

24.     Notwithstanding Hunter Douglas's June 4, 2010 correspondence, Blindsgalore continues to use Hunter Douglas's trademarks to improperly divert Internet consumers searching for HUNTER DOUGLAS brand products to Blindsgalore's website and products, including by:

A.      continuing to use the HUNTER DOUGLAS brand in metatags and metadata;

B.      upon information and belief, continuing to pay search companies for placement for customers that type the HUNTER DOUGLAS brand into search engines;

C.      stating that it offers HUNTER DOUGLAS brand window treatments (Screen shot of the "About Blindsgalore" section of the Blindsgalore Website attached as *Exhibit E*);

D.      listing thirteen (13) HUNTER DOUGLAS brand products on the Blindsgalore Website in such a way as to suggest to consumers that HUNTER DOUGLAS brand products are available for sale on or through the Blindsgalore Website (Screen shot of thirteen HUNTER DOUGLAS brand products listed on the Blindsgalore Website attached as *Exhibit F*);

E.      offering HUNTER DOUGLAS as one of the brands by which a consumer may browse the products offered for sale on the Blindsgalore Website so as to suggest to consumers that HUNTER DOUGLAS brand products are available for sale on or through the Blindsgalore Website (Screen shot of HUNTER DOUGLAS products browse option attached as *Exhibit G*);

F.      offering a menu to the left of the thirteen listed HUNTER DOUGLAS brand products which allows customers to refine their search of HUNTER DOUGLAS products by department, category, popularity, product line, and price so as to suggest to consumers that HUNTER DOUGLAS products are available for sale on or through the Blindsgalore Website (Screen shot of menu attached as *Exhibit H*);

G.      below each of the HUNTER DOUGLAS brand products listed on the Blindsgalore Website, offering a "Shop" link (Screen shot of "Shop" link attached as *Exhibit I*), a description of the products (Screen shot of HUNTER DOUGLAS products listed on the Blindsgalore Website, attached as *Exhibit F*), links to customer reviews of each product (Screen shot of customer review for the HUNTER DOUGLAS brand Celebrity Aluminum Mini-Blind, attached as *Exhibit J*), and links to pop-out boxes displaying the color options for each product (Screen shot of pop-out box displaying color options for the HUNTER DOUGLAS brand Celebrity Aluminum Mini-Blind, attached as *Exhibit K*) so as to suggest to consumers that Hunter Douglas has authorized the sale of its products through the Blindsgalore Website or that Blinds Galore is somehow associated with or approved by Hunter Douglas.

25.     Once a potential Hunter Douglas consumer has already been diverted to the Blindsgalore Website and is viewing the HUNTER DOUGLAS products listed thereon, he or she will see the following disclaimer in small print at the top of the website page:

> Hunter Douglas has made a strategic decision to no longer allow their products to be sold by any online merchant.  If you would still like to order Hunter Douglas blinds and shades, you can schedule an in-home consultation with our partner Budget Blinds, an authorized seller of Hunter Douglas brand products.  Or to enjoy the convenience and savings of ordering window treatments online, you can

> browse our site for similar products that you can customize
> and have delivered right to your door.

(Screen shot of disclaimer attached as *Exhibit L*).

26.     When a consumer clicks on the "Shop" link below any one of the Hunter Douglas products listed on the Blindsgalore Website, he or she is invited to "Compare and shop similar products."  (Screen shot of "Compare and shop" page on Blindsgalore Website attached as *Exhibit M*, pages 1-2).

27.     The Blindsgalore Website then takes the person originally interested in Hunter Douglas products to a page that offers only competitors' products for sale (Screen shot attached as *Exhibit M*, pages 1-2).  Here, the now captive consumer who was searching for Hunter Douglas products, is offered only non-Hunter Douglas products (that are similar to and competitive to the Hunter Douglas products the consumer was interested in) for purchase.  The consumer was baited by the prominent use of the HUNTER DOUGLAS brands and suggestion that Hunter Douglas products are available for purchase on the Blindsgalore Website, only to be switched to competing products available for purchase.

28.     From this page, the consumer may still click on the Hunter Douglas product in which they were originally interested.  Doing so brings the consumer to a web page where he or she is invited to request an in-home consultation by filling out a form with his or her name, email, phone, and zip code.  (Screen shot of in-home consultation form attached as *Exhibit M*, page 3).

29.     The in-home consultation form states as follows:  "We have partnered with Budget Blinds to offer a full-service in-home experience.  To schedule your complimentary

consultation please complete this form or call (866) 355-3047." (Screen shot of in-home consultation form attached as *Exhibit M*, page 3).

30.   A consumer who dials the aforementioned telephone number trying to reach Budget Blinds to inquire into purchasing a Hunter Douglas product will hear the following message: "You have reached Verizon Conferencing. The number you have dialed is not currently in use . . . ."

31.   Upon information and belief, a consumer who fills out the online in-home consultation form to inquire into purchasing a Hunter Douglas product will not receive a timely response (or no response).

**FIRST CAUSE OF ACTION**
**(Trademark Infringement under 15 U.S.C. § 1114)**

32.   Hunter Douglas incorporates the preceding allegations of this Complaint.

33.   Hunter Douglas Industries Switzerland GmbH is the owner of United States trademarks for the HUNTER DOUGLAS mark. (Copies of the trademarks are attached as *Exhibit A*). Hunter Douglas Inc. and Hunter Douglas Window Fashions, Inc. have license rights to use the registered United States trademarks for the HUNTER DOUGLAS marks.

34.   Blindsgalore has used and continues to use the HUNTER DOUGLAS trademarks in connection with its online advertising, promotion and/or sale of window treatments without authorization or license to do so.

35.   Blindsgalore has used and continues to use the HUNTER DOUGLAS trademarks as metatags for its Blindsgalore Website and in search queries in order to divert consumers searching for HUNTER DOUGLAS brand products over the Internet to the Blindsgalore Website.

36.     Upon information and belief, Blindsgalore has paid search companies for associating the Blindsgalore Website with the HUNTER DOUGLAS trademarks so that the Blindsgalore Website is one of the first search results a customer sees when he or she is searching for HUNTER DOUGLAS brand products over the Internet.

37.     Blindsgalore's conduct is likely to cause confusion or mistake or to deceive customers as to the affiliation, sponsorship, connection, or association of Blindsgalore with Hunter Douglas, or as to the affiliation, sponsorship, or approval of Blindsgalore's products by Hunter Douglas, all to Hunter Douglas's harm in violation of 15 U.S.C. §1114(1).

38.     Blindsgalore's use of the HUNTER DOUGLAS trademarks is likely to cause initial interest confusion by luring customers who were originally seeking Hunter Douglas's website and products to Blindsgalore's competing website and products and thereby "capturing" Hunter Douglas's potential visitors or customers.

39.     Blindgalore's conduct constitutes trademark infringement within the meaning of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40.     Blindsgalore received actual and constructive notice of Hunter Douglas's use of, and senior rights in, the HUNTER DOUGLAS trademarks.  By acting with this knowledge, Blindsgalore has willfully and deliberately infringed Hunter Douglas's trademark rights.

41.     Blindsgalore's conduct has caused or is likely to cause Hunter Douglas lost sales of product and other monetary damage.

42.     Blindsgalore's trademark infringement has caused and continues to cause irreparable injury to the value, good will, and reputation of Hunter Douglas's trademarks and business.

43.      Blindsgalore's trademark infringement has further caused or is likely to cause irreparable injury to Hunter Douglas by improperly capitalizing on the good will associated with the Hunter Douglas business and trademarks to divert prospective customers to a source that the customer erroneously believes is authorized by or associated with Hunter Douglas.  Hunter Douglas has no adequate remedy at law because damages are difficult to ascertain.

44.      Hunter Douglas is entitled to temporary, preliminary, and permanent injunctive relief and an award of Blindsgalore's profits, actual damages, treble damages, attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
### (Unfair Competition under 15 U.S.C. § 1125(a))

45.      Hunter Douglas incorporates the preceding allegations of this Complaint.

46.      Blindsgalore has used and continues to use the HUNTER DOUGLAS trademarks (and other famous brands such as DUETTE, SILHOUETTE, VIGNETTE and others that are owned by Hunter Douglas) in connection with its online advertising, promotion and/or sale of window treatments without authorization or license to do so.

47.      Blindsgalore has used and continues to use the HUNTER DOUGLAS trademarks as metatags for its Blindsgalore Website and in search queries in order to divert consumers searching for HUNTER DOUGLAS brand products over the Internet to the Blindsgalore Website.

48.      Upon information and belief, Blindsgalore has paid search companies for associating the Blindsgalore Website with the HUNTER DOUGLAS trademarks so that the Blindsgalore Website is one of the first search results a customer sees when he or she is searching for HUNTER DOUGLAS brand products over the Internet.

49.     Blindsgalore's use of the HUNTER DOUGLAS trademarks (and other famous brands such as DUETTE, SILHOUETTE, VIGNETTE and others that are owned by Hunter Douglas) to advertise, promote, and sell its window treatments is likely to cause confusion or mistake, or to deceive customers as to an affiliation, sponsorship, connection, or association of Hunter Douglas with Blindsgalore, or as to the affiliation, sponsorship, or approval of Blindsgalore's products by Hunter Douglas, all to Hunter Douglas's harm in violation of 15 U.S.C. § 1125(a).

50.     Blindsgalore's use of the HUNTER DOUGLAS trademarks (and other famous brands such as DUETTE, SILHOUETTE, VIGNETTE and others that are owned by Hunter Douglas) constitutes unfair competition, false designation of origin, and false descriptions and representations within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.     Blindsgalore's use of the HUNTER DOUGLAS trademarks is likely to cause initial interest confusion by luring customers who were originally seeking Hunter Douglas's website and products to Blindsgalore's competing website and products and thereby "capturing" Hunter Douglas's potential visitors or customers.

52.     Blindsgalore received actual and constructive notice of Hunter Douglas's use of, and senior rights in, the HUNTER DOUGLAS trademarks.  By acting with this knowledge, Blindsgalore has willfully and deliberately infringed Hunter Douglas's trademark rights.

53.     Blindsgalore's conduct has caused or is likely to cause Hunter Douglas lost sales of product and other monetary damage.

54.     Blindsgalore's conduct has caused or is likely to cause, irreparable injury to the value and goodwill of the HUNTER DOUGLAS marks, as well as irreparable injury to Hunter

Douglas's business, good will, and reputation. Hunter Douglas has no adequate remedy at law because damages are difficult to ascertain.

55.     Hunter Douglas is entitled to temporary, preliminary, and permanent injunctive relief and an award of Blindsgalore's profits, actual damages, treble damages, attorneys' fees, costs and interest.

### THIRD CAUSE OF ACTION
**(Violation of Colorado Consumer Protection Act, C.R.S. § 6-1-101, *et seq.*)**

56.     Hunter Douglas incorporates the preceding allegations of this Complaint.

57.     Blindsgalore has engaged in deceptive trade practices in violation of Colo. Rev. Stat. § 6-1-105(b), (c) and (n).

58.     In the course of its business, Blindsgalore has knowingly made false representations as to the source, sponsorship, and approval of its products, and as to affiliation, connection, or association of its products with Hunter Douglas.

59.     In the course of its business, Blindsgalore has employed "bait and switch" advertising by advertising goods, services or property not available for purchase on or through the Blindsgalore Website.

60.     Blindgalore's deceptive trade practices have had and will continue to have a significant negative impact on the public as actual and potential consumers of Hunter Douglas's products.

61.     Blindsgalore's conduct has caused or is likely to cause Hunter Douglas lost sales of product and other monetary damage.

62.     Blindsgalore's deceptive trade practices have caused and continue to cause irreparable injury to the value of Hunter Douglas's HUNTER DOUGLAS trademarks, as well as

-15-

irreparable injury to Hunter Douglas's business, good will, and reputation.  Hunter Douglas has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
### (Colorado Common Law Trademark Infringement and Unfair Competition)

63.     Hunter Douglas incorporates the preceding allegations of this Complaint.

64.     Blindsgalore's actions described above constitute unfair competition and trademark infringement in violation of the common law of the State of Colorado.

65.     Blindsgalore's actions have been willful and deliberate.

66.     Blindsgalore's conduct has caused or is likely to cause Hunter Douglas lost sales of product and other monetary damage.

67.     Hunter Douglas has been irreparably injured by Blindsgalore's willful acts and has no adequate remedy at law.

68.     Hunter Douglas is entitled to damages, Blindsgalore's profits, punitive and exemplary damages, attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

FOR THESE REASONS, Hunter Douglas prays for a judgment in its favor and against Blindsgalore as follows:

1.     For a temporary, preliminary and permanent injunction against Blindsgalore, its agents, servants, employees, representatives, and attorneys, and all other persons in active concert or participation with it enjoining and restraining them from:

a.     Using the HUNTER DOUGLAS trademark (and other famous brands such as DUETTE, SILHOUETTE, VIGNETTE and others that are owned by Hunter Douglas) alone, or in combination with other terms or designs, or using any reproduction, copy, or

colorable imitation or variation of the HUNTER DOUGLAS trademark (and other famous brands such as DUETTE, SILHOUETTE, VIGNETTE and others that are owned by Hunter Douglas) on or in connection with the advertising, distribution, sale, or offering for sale of any window treatment products;

b.    Using the HUNTER DOUGLAS trademark (and other famous brands such as DUETTE, SILHOUETTE, VIGNETTE and others that are owned by Hunter Douglas) alone, or in combination with other terms, in the metatags for the Blindsgalore Website or to ensure premium placement when an Internet user types "Hunter Douglas" in a computer search query;

c.    Performing any other acts that are likely to lead the public to believe that window treatments provided or sold by Blindsgalore are in any manner licensed, sponsored, approved or authorized by Hunter Douglas;

2.    For an Order that Blindsgalore cease all acts of trademark infringement, unfair competition, and deceptive trade practices;

3.    For all damages Hunter Douglas has suffered by reason of Blindsgalore's unlawful activities;

4.    For all profits wrongfully derived by Blindsgalore through its unlawful activities;

5.    For three times Blindsgalore's profits on its sale of infringing window treatment products or Hunter Douglas's damages, whichever is greater, arising from its unlawful activities pursuant to 15 U.S.C. § 1117(a) and Colo. Rev. Stat. § 6-1-113;

6.    For prejudgment and post-judgment interest, pursuant to 15 U.S.C. § 1117(b) and other applicable law;

7.      For a determination that this case be deemed to be an "exceptional" case and awarding costs of suit and reasonable attorneys' fees and disbursements, pursuant to 15 U.S.C. § 1117(b), Colo. Rev. Stat. § 6-1-113, and other applicable law;

8.      For such other and further relief as this Court deems just and equitable.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Hunter Douglas demands

a trial to a jury on all issues so triable.


Dated: July 9, 2010.

                                           Respectfully submitted,

                                           /s/ Donald A. Degnan
                                         Donald A. Degnan

                                         /s/ Nadya C. Bosch
                                         Nadya C. Bosch

                                         HOLLAND & HART LLP
                                         1800 Broadway Street, Suite 300
                                         Boulder, Colorado  80302
                                         Telephone:  303-473-2700
                                         Facsimile:   303-473-2720

                                         **ATTORNEYS FOR PLAINTIFFS**

Plaintiffs' Addresses

Hunter Douglas Inc.
2 Park Way
Upper Saddle River
New Jersey  07458

Hunter Douglas Window Fashions, Inc.
One Duette Way
Broomfield, Colorado, 80020

Hunter Douglas Industries Switzerland GmbH
Adligenswilerstrasse 37
Luzern CH-6006, Switzerland.

## VERIFICATION

My name is Christopher G. Outlaw and I am personally familiar with the matters set forth above. To the best of my knowledge, information and belief, all matters set forth above are true and accurate.

_____

Christopher G. Outlaw


STATE OF COLORADO     )
                             ) ss.
CITY OF BROOMFIELD    )

Subscribed and sworn to before me this _____9th_____ day of July, 2010 by _Christopher G. Outlaw_ as _Vice Pres. & General Counsel_ of _Sunter Douglas Inc._.

_____

Notary Public

My Commission expires 4-17-2012

SANDRA LEE
Notary Public
State of Colorado